IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID R. COOLEY,

        Petitioner,                No. CIV S-07-1781 GEB KJM P

   vs.

K. MENDOSA-POWERS, et al.,

        Respondents.          FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner asserts, in essence, two claims: 1) that he has served the sentence he bargained for in his 1993 plea agreement; and 2) that he should be allowed to withdraw his 1993 plea of guilty because he was never informed that in order to obtain release he would have to be approved for release by the California Board of Prison Terms (BPT).[1]

        Respondents have filed a motion to dismiss in which they argue that petitioner's habeas petition is successive and untimely. Petitioner has opposed the motion.

/////

---

[1] Petitioner lists three claims in his habeas petition but claims one and three are essentially the same. See Pet. at 4-5 (CM/ECF pagination).

1

The record before the court shows petitioner already has challenged the validity of his plea agreement in this court through a petition for writ of habeas corpus under 28 U.S.C. § 2254; that petition was dismissed as untimely. Mot., Attachs. A & B (Findings and Recommendations and Order in Case No. Civ S-98-2227 DFL GGH). These facts render the petition filed in this action successive as to petitioner's claim he should be allowed to withdraw his guilty plea because he was never informed that in order to obtain release he would have to be approved for release by the BPT. See Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005) (dismissal of habeas petition as time barred "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under [28 U.S.C. § 2244(b)]."). Therefore, petitioner cannot proceed with this claim until receiving permission from the Ninth Circuit Court of Appeals. 28 U.S.C. § 2244.

In his other claim petitioner challenges the execution of his sentence, which petitioner has not previously challenged through a § 2254 petition for writ of habeas corpus. Respondents assert this claim is time barred. Mot. at 6-7. Petitioner argues it is not, but impliedly concedes that the latest the statute of limitations began to run was the date on which the ten year term he thought he had been sentenced to ran out. Opp'n at 2-3.

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

/////

/////

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

   Petitioner alleges that, pursuant to his plea agreement, he was to serve ten years in prison. Pet. at 12:2-10. Petitioner was convicted on December 27, 1993. Id. at 2. With respect to his claim that he has already served the sentence for which he bargained, the limitations period began to run under § 2244(d)(1)(D), at the latest, on December 27, 2003, the date he became aware of his claim. Petitioner's application for writ of habeas corpus was filed on August 30, 2007.

   The court has reviewed the record and finds no basis to toll the limitations period between December 27, 2003 and December 27, 2004, let alone any further time up to May 20, 2007. Therefore, petitioner's claim that he has already served the sentence for which he bargained is time-barred.

   In accordance with the above, IT IS HEREBY RECOMMENDED that:

   1. Respondents' motion to dismiss (#7) be granted;

   2. Petitioner's claim, that he should be allowed to withdraw his 1993 plea of guilty because he was never informed that in order to obtain release he would have to be approved for release by the California Board of Prison Terms, be dismissed without prejudice to petitioner seeking permission from the Ninth Circuit Court of Appeals under 28 U.S.C. § 2244 to proceed with his claim;

   3. Petitioner's claim that he has already served the sentence he bargained for in his 1993 plea agreement be dismissed as time-barred; and

   4. This case be closed.

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6  shall be served and filed within ten days after service of the objections.  The parties are advised
7  that failure to file objections within the specified time may waive the right to appeal the District
8  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
9  DATED: September 8, 2008.

_____
U.S. MAGISTRATE JUDGE

1
cool1781.157

4